UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SEBASTIAN CORREA MORALES, ) | | Hon. Natasha C. Merle |
| *Petitioner,* ) | | |
| ) | | Civ. No. 24-7951 |
| -against- ) | | |
| ) | | ANSWER AND |
| JULIANA ESCOBAR RESTREPO, ) | | AFFIRMATIVE |
| *Restrepo*. ) | | DEFENSE |

COMES NOW Juliana Escobar Restrepo ("Respondent"), by and through her attorney, Edgar Loy Fankbonner, and except as specifically admitted herein, denies each and every allegation alleged in the Verified Petition for Return of the Child to Colombia. Using like-numbered paragraphs and responding only to paragraphs containing substantive allegations, Respondent answers as follows:

(1)  Respondent admits that Sebastian Correa Morales ("Petitioner") has filed a Petition for Return. Respondent admits that the subject child ("L.C.," "the Child") resides within the confines of the Eastern District of New York. Respondent denies that the Child was "wrongfully retained from Colombia." Respondent denies that the Child was taken or withheld from Colombia without Petitioner's consent or acquiescence.

(2)  Petitioner's allegations in paragraph 2 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

1

(3) Petitioner's allegations in paragraph 3 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(4) Petitioner's allegations in paragraph 4 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(5) Petitioner's allegations in paragraph 5 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(6) Respondent can neither admit nor deny what Petitioner requests. Respondent denies that, prior to May 16, 2024, Colombia was the Child's habitual residence.

(7) Respondent admits that this Court has jurisdiction pursuant to 22 U.S.C. § 9003(a) and 28 U.S.C. § 1331.

(8) Respondent admits that the Eastern District of New York is the proper venue for the instant action. Respondent denies that the Child's country of habitual residence is Colombia, and denies the remaining allegations in paragraph 8 to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia. Respondent admits the Child is under the age of 16.

(9) Respondent admits that Petitioner and Respondent are the parents of the Child. Respondent admits that the parties are citizens of Colombia and the United States. Respondent admits that the Child is a citizen of the United States; the question of whether the Child is a citizen of Colombia is a question of law which Respondent cannot admit or deny.

(10) Respondent admits the date and place of marriage set forth in paragraph 10. Respondent admits that the parties moved to Florida in 2019 and denies that said move occurred in July 2019.

(11) Respondent admits paragraph 11.

(12) Respondent admits that in about December 2021, the parties and the Child moved to Colombia; otherwise, denies.

(13) Respondent admits that the parties and the Child cohabitated in Colombia in 2022; Respondent denies the remaining allegations.

(14) Respondent denies that the Child, who is four years old at the time of this writing, was "fully acclimated" to to life in Colombia in May 2024. Respondent admits that the Child attended a day care known as Cascanueces and a day care and preschool known as Semillas del Futuro. Respondent denies that Cascanueces and Semillas del Futuro are schools as the term is commonly understood. Respondent admits that Respondent enrolled the Child in horseback riding, BMX, and soccer lessons. Otherwise, Respondent denies.

(15) Respondent denies; the parties agreed that Respondent and the Child were to move to the United States permanently in early 2024. See Exh. 1, Text Messages Between Petitioner and Respondent, 1 - 3.

(16) Respondent can neither admit or deny what Colombian immigration authorities told Petitioner, as she is not Petitioner. Respondent can neither admit or deny the motivations for Petitioner giving permission for Respondent to travel to and remain in the United States with the Child; Respondent denies that the purpose of her obtaining said authorization was for Respondent and the Child to travel to the United States temporarily. Respondent denies those portions of this paragraph that are legal conclusions denies those portions of this paragraph in which Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia. Respondent admits that Petitioner gave his consent for Respondent to bring the Child to the United States. Otherwise, Petitioner denies.

(17) Respondent admits that Respondent moved to Florida with the Child on or about January 26, 2024; Respondent otherwise denies the allegations contained in paragraph 17 of the Petition that allege that their travel to Florida was understood by the parties to be temporary.

(18) Respondent admits paragraph 18.

(19) Respondent admits that in April 2024 Petitioner purchased airline tickets for Respondent and the Child to travel to Colombia, with Respondent's consent; Respondent otherwise denies the allegations contained in paragraph 19 of the Petition, to the extent that those allegations imply that the parties intended for Respondent and the Child to return to Colombia permanently. See Exh. 1 at 4.

(20) Respondent admits paragraph 20.

(21) Respondents admits that Respondent advised Petitioner that Respondent wanted to remain in New York; otherwise, Respondent denies.

(22) Respondent admits that Respondent advised Petitioner that Respondent and the Child would not be flying to Colombia on May 16, 2024. Respondent otherwise denies, and denies the allegations in this paragraph that imply that the parties had agreed that Respondent and the Child were to return to Colombia permanently in May 2024.

(23) Respondent admits paragraph 23.

(24) Respondent admits that on June 20, 2024, the parties discussed the Child's enrollment in a summer school and preschool in New York; otherwise, Respondent denies. See Exh. 1, 5 - 6.

(25) Respondent admits paragraph 25.

(26) Respondent admits paragraph 26.

(27) Respondent admits paragraph 27.

(28) Respondent admits that on September 3, 2024, Petitioner was served with a Summons in custody proceeding in Queens County Family Court. Respondent can neither admit nor deny the remaining allegations in this paragraphs as she is not Petitioner and does not know how or when Petitioner first learned of Respondent's address.

(29) Respondent admits that on September 30, 2024, the Queens County Family Court entered an Order dismissing without prejudice Respondent's petition for custody of the Child for lack of jurisdiction; otherwise Respondent denies and defers to the Court for a determination of what the Queens Family Court "held" in said Order.

(30) Respondent admits that on October 10, 2024, Petitioner messaged Respondent to arrange for a visit with the Child in November, and Respondent declined to leave the Child with Petitioner absent a court order. Respondent otherwise denies.

(31)     Respondent denies. Petitioner's allegations in paragraph 31 comprise legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(32)     Respondent admits that Article 3 of the Hague Convention is recited, otherwise denies the remaining allegations in paragraph 32 to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(33)     Respondent denies that Colombia is the Child's habitual residence. Respondent admits that the Child resided in Colombia from about December 2021 through January 2024. Respondent denies that the Child resided in Colombia from the time of the Child's departure from Colombia in January 2024 through May 2024. Respondent denies that Respondent wrongfully retained the Child in the United States.

(34)     Petitioner's allegations in paragraph 34 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(35)     Respondent denies that the Child is "fully involved and integrated in all aspects of daily and cultural life in Colombia." Respondent admits that the Child was enrolled in day-care and preschool in Colombia, and that Respondent enrolled the Child in horseback riding, BMX, and soccer lessons. Respondent admits that the Child has relatives in Colombia. Otherwise Respondent denies.

(36) Petitioner's allegations in paragraph 36 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(37) Petitioner's allegations in paragraph 37 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(38) Petitioner's allegations in paragraph 38 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(39) Respondent denies that the Child is wrongfully retained in the United States. Otherwise, Petitioner's allegations in paragraph 39 comprise legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(40) Petitioner's allegations in paragraph 40 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(41) Respondent denies Petitioner's allegation that Petitioner only allowed the Child to travel to the United States temporarily, and denies Petitioner's allegation that the Child traveled to the United States for purposes of tourism. Petitioner's allegations in paragraph 41 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(42) Respondent can neither admit nor deny paragraph 42.

(43) Respondent makes no admissions as to the custody rights of Petitioner. Respondent admits that Petitioner visited with the Child in the United States on approximately three occasions between January 2024 and August 2024, including one instance on or about August 22, 2024 in which Petitioner took the Child to Florida without Respondent's prior knowledge or consent. Respondent denies the remaining allegations in paragraph 43 to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(44) Respondent admits that the Child was born in 2020 and will be 16 years of age in 2036. Otherwise, Respondent denies.

(45) Respondent admits that the the parties and the Child resided in Colombia from about December 2021 until on or about January 26, 2024.

(46) Respondent can neither admit nor deny paragraph 46.

(47) Respondent admits that Respondent and the Child reside in Queens, New York.

8

Otherwise, Petitioner's allegations in paragraph 47 comprise legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(48) Respondent admits that the Child is now four years old. Otherwise, Petitioner's allegations in paragraph 48 comprise legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(49) Petitioner's allegations in paragraph 42 are legal citations and conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(50) Respondent admits that Petitioner is requesting what he states he is requesting. Respondent denies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(51) Respondent can neither admit nor deny what Petitioner's and the Child's interests are. Respondent denies that the Child's habitual residence is Colombia.

(52) Respondent can neither admit nor deny what the United States government's or the Colombian government's interests are. Otherwise, Petitioner's allegations in paragraph 52 comprises legal conclusions and, as such, are denied to the extent Petitioner implies that the Hague Convention and the International Child Abduction Remedies Act require this Court to order the Child returned to Colombia.

(53) Respondent admits that Petitioner is requesting what he is requesting.

(54) Respondent admits that Petitioner is requesting what he is requesting.

(55) Respondent denies paragraph 55.

(56) Respondent denies that this Court should award Petitioner any fees or costs incurred by him in this matter. Respondent further denies that 22 U.S.C § 9007 requires such an award to Petitioner.

(57) Respondent can neither admit nor deny what Petitioner says he will provide.

(58) Respondent can neither admit nor deny what Petitioner will do in this proceeding.

(59) For the reasons set forth above, Respondent denies that Petitioner is entitled to the relief requested in the "WHERETOFORE" (sic) section of his Petition.

(60) Petitioner has failed to set forth a prima facie case for relief in this action, in that he has failed to establish that Colombia was the Child's place of habitual residence at the time of this action or at the time at which Petitioner claims the Child was wrongfully retained

<u>AFFIRMATIVE DEFENSE</u>

Respondent incorporates by reference all her assertions set forth above and asserts the following affirmative defense:

1. PETITIONER CONSENTED TO CHILD'S PERMANENT RESIDENCE IN THE UNITED STATES

In January 2024, in numerous communications with Respondent including via text, Petitioner expressly consented to Respondent and the Child returning to the United States permanently, and agreed that Petitioner would visit the Child in the United States as often as he pleased.

Petitioner visited the Child in the United States in February and April 2024. Respondent and the Child were to travel to Colombia in May 2024 on vacation, and the parties expressly agreed that Respondent and the Child were to return to the United States after this visit. The parties repeatedly and expressly discussed the Child traveling to Colombia on vacation, to visit with relatives, and not to reside in Colombia permanently.

Petitioner again visited with the Child in 2024, took the Child from New York to Florida without Respondent's prior knowledge or consent, and returned the Child to Respondent in New York at the conclusion of said trip.

The parties discussed at length which New York preschool the Child was to attend beginning in June 2024 and Petitioner consented to the Child's enrollment in summer school and later in a preschool chosen by Respondent.

The aforesaid conduct by Petitioner demonstrates that Petitioner consented to the Child permanently residing in the United States with Respondent.

11

## COUNTERCLAIM

Respondent counterclaims that Petitioner should be liable for her reasonable attorney fees and costs incurred in this matter pursuant to any and all Federal Rules of Civil Procedure, the United States Code, and any and all applicable case law.

## CONCLUSION

WHEREFORE, Respondent prays that this Court deny the relief requested in the Petition, because Petitioner has failed to establish a prima facie case for the relief he seeks. Petitioner asks for relief in accordance with her Answer and Affirmative Defenses, and such other relief as the Court deems equitable and just.

Dated: New York, New York
December 24, 2024

/s/ Edgar Loy Fankbonner
Edgar Loy Fankbonner
Goldberger & Dubin, PC
401 Broadway, Suite 306
New York, New York 10013
(917) 796-7406
fankbonner@gmail.com
*Attorneys for Respondent*

CERTIFICATE OF SERVICE

      I certify that on December 24, 2024, I caused the foregoing document to be served upon Richard Min, Esq., counsel for Petitioner, by uploading a true and correct copy thereof to the Court's ECF server.

Dated:  New York, New York
            December 24, 2024                         /s/ Edgar Loy Fankbonner
                                                                    Edgar Loy Fankbonner