UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SEBASTIAN CORREA MORALES,  )
    *Petitioner,*  )
    )
-against-  )    Civ. No. 24-7951
    )
JULIANA ESCOBAR RESTREPO,  )
    *Respondent.*  )

---

RESPONDENT'S MOTION IN LIMINE

Respondent Juliana Escobar Restrepo, by and through her attorneys, respectfully moves the Court for an Order precluding the introduction of certain evidence by Petitioner.

**Preliminary Statement**

Petitioner seeks the return of the parties' child ("the Child") pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention") and the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.*. The Petition alleges that Respondent unlawfully retained the Child beginning on or about May 16, 2024, and that at the time of the unlawful retention, the Child's country of habitual residence was Colombia.

Based on Petitioner's Response to Respondent's Request for Production and on his Rule 26 disclosures, it is apparent that Petitioner intends to introduce a variety of documents dating from the Child's time in Colombia in 2021, 2022, and 2023, including letters from the Child's preschool and daycare center, audiovisual materials from birthday parties, and images of the Child playing soccer and taking horseback riding lessons.

Petitioner would also seek to introduce records of text and voice communications between Petitioner and Respondent from as early as February 2023 through the time of the Child's departure from Colombia in January 2024, in which the parties discuss, e.g., Petitioner's parental visits with the Child and the Child's involvement in preschool and extracurricular activities in Colombia. The apparent purpose of these documents within the instant litigation is to demonstrate that Petitioner exercised his parental rights during 2023, and to further support Petitioner's claim that the Child's country of habitual residence was Colombia.

Moreover, Petitioner has disclosed to Respondent various documents relating to the parties' relocation from the United States to Colombia in 2021.

Petitioner has also disclosed to Respondent various purported communications with individuals other than Respondent, including a text-message conversation with an individual identified only as "Jenny" and with a Colombian body known by the acronym "ICBF," in which Respondent makes extensive self-serving allegations related to the subject matter of the instant litigation.

Petitioner has submitted to the Court introduce an Order of Dismissal from a New York State Family Court proceeding in connection with his pleadings, and delivered to Respondent various documents from an apparent divorce proceeding initiated by Petitioner against Respondent in Colombia as part of a discovery disclosure.

The Court should exclude the aforementioned evidence for the reasons set forth below.

**Argument**

Pursuant to FRE 401 and 402, the Court should preclude Petitioner from introducing at trial evidence relating to the parties' relocation to Colombia in 202, to the Child's activities in Colombia from 2021 through 2023, and to Petitioner's exercise of parental rights in the period preceding the Child's relocation to the United States in January 2024.

The relevant inquiries in a Hague Convention case relates to the child's country of habitual residence at the time of the alleged unlawful retention or removal, and the petitioning parent's exercise of parental rights at the time of the alleged unlawful retention or removal. Hague Convention, Art. 3(b); cf. *Olguin v. Cruz Santana,* No. 03-cv-6299 (JG) (E.D.N.Y. Aug. 5, 2004). Whereas the Petition alleges that Respondent unlawfully retained the Child in the United States sometime in about May 2024, the evidence Petitioner seeks to introduce relates to the Child's habitual residence in 2021, 2022, and 2023. Such evidence is irrelevant to an inquiry as to the Child's habitual residence at the time of the Child's alleged unlawful retention.

Pursuant to FRE 801 and 802, the Court should preclude Petitioner from introducing at trial Petitioner's communications with third parties such as the aforementioned "Jenny" and with the entity "ICBF." The Court should preclude the introduction of the aforementioned New York State Family Court Order (ECF No. 1-7) on the same grounds, as this document does not fall within any Rule 803 hearsay exception; furthermore, said Order contains a conclusion by the Family Court that was outside the scope of that Court's jurisdiction, that is ambiguously rendered and fundamentally unreliable, *inter alia*, because it fails to state the factual basis for the Court's conclusions; and in any event, said findings are not binding on this Court.

**Conclusion**

In light of the foregoing, Respondent respectfully requests that the Court enter an order precluding Petitioner from offering at trial the following material: (i) evidence relating to the Child's activities in Colombia prior to 2024; (ii) evidence relating to Petitioner's exercise of parental rights prior to 2024; (iii) evidence relating to the parties' relocation to Colombia in 2021; (iv) Petitioner's communications with third parties, including "Jenny" and "ICBF," concerning Respondent and Child's relocation to the United States; (v) the New York State Family Court order and other documents from the parties' 2024 New York State custody proceedings; (vi) documents relating to Petitioner's action for divorce in Colombia.

Dated: New York, New York
       January 8, 2025

/s/ Edgar Loy Fankbonner
Edgar Loy Fankbonner
Goldberger & Dubin, PC
401 Broadway, Suite 306
New York, New York 10013
Tel.: (212) 431-9380
Mobile: (917) 796-7406
Fax: (212) 966-0588
Email: fankbonner@gmail.com
*Attorneys for Respondent*