UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
SEBASTIAN CORREA MORALES,        )
                                  )
                                  )
                                  )
            Petitioner,           )
                                  )   Case No. 1:24-cv-07951
vs.                               )
                                  )
JULIANA ESCOBAR RESTREPO,         )
                                  )
            Respondent.           )
_____)

## PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION *IN LIMINE*

Richard Min, an attorney duly admitted to practice before this Court, respectfully submits this memorandum of law in opposition to the relief sought in Respondent's Motion *in Limine*. **ECF No. 20.**

FACTUAL BACKGROUND

The parties were ordered to exchange discovery responses by January 6, 2025. On January 2, 2025, this Court directed the parties to file motions *in limine* by January 8, 2025. On January 8, 2025, Respondent filed a motion *in limine* seeking to preclude "(i) evidence relating to the Child's activities in Colombia prior to 2024; (ii) evidence relating to Petitioner's exercise of parental rights prior to 2024; (iii) evidence relating to the parties' relocation to Colombia in 2021; (iv) Petitioner's communications with third parties, including "Jenny" and "ICBF," concerning Respondent and Child's relocation to the United States; (v) the New York State Family Court order and other documents from the parties' 2024 New York State custody proceedings; (vi) documents relating to Petitioner's action for divorce in Colombia." **ECF No. 20, at Page 4.** Respondent advances

several arguments to this end, each of which should be rejected by this Court as baseless and lacking legal authority.

ARGUMENT

Respondent's four-page Motion *in Limine* provides no legal analysis and displays a clear misunderstanding of the Hague convention. The Motion seeks to preclude all "(i) evidence relating to the Child's activities in Colombia prior to 2024; (ii) evidence relating to Petitioner's exercise of parental rights prior to 2024; (iii) evidence relating to the parties' relocation to Colombia in 2021; (iv) Petitioner's communications with third parties, including "Jenny" and "ICBF," concerning Respondent and Child's relocation to the United States; (v) the New York State Family Court order and other documents from the parties' 2024 New York State custody proceedings; [and] (vi) documents relating to Petitioner's action for divorce in Colombia." **ECF No. 20, at Page 4.** We address each prong of Respondent's Motion as follows:

Respondent alleges that evidence related to the Child's habitual residence from 2021 to 2023 is irrelevant and seeks to preclude "evidence relating to the Child's activities in Colombia prior to 2024." *See id.* Petitioner disagrees. Pursuant to the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. As this Court knows, Petitioner is asserting that the Child's habitual residence is Colombia and it never shifted from Colombia to the United States, despite Respondent's belief to the contrary.

"[A] wide range of facts other than an actual agreement, including facts indicating that the parents have made their home in a particular place, can enable a trier to determine whether an infant's residence in that place has the quality of being 'habitual.'" *Monasky v. Taglieri,* 140 S. Ct. 719, 729 (2020). In instructing courts to look at the totality of the circumstances, the Supreme

Court has provided a nonexclusive list of facts the Court can consider: "a change in geography combined with the passage of an appreciable period of time," "age of the child," "immigration status of child and parent," "academic activities," "social engagements," "participation in sports programs and excursions," "meaningful connections with the people and places in the child's new country," "language proficiency," and "location of personal belongings." *Id.* at 727 n.3. As such, evidence regarding the Child's activities in Colombia prior to 2024 is highly relevant to the issue at hand, as it provides evidence regarding the Child's life in Colombia before his temporary move to the United States and weighs towards Columbia being his habitual residence. For the above reasons, this evidence is clearly relevant and appropriate, and Petitioner respectfully requests the Court deny Request (i) of Respondent's motion *in limine.* **See id.**

Despite Respondent's vague and ambiguous argument, Petitioner understands that Respondent contends that "evidence related to Petitioner's exercise of parental rights prior to 2024" is irrelevant to the present matter. ***See id at Page 3-4.*** Petitioner disagrees, as this evidence is clearly relevant for Petitioner's *prima facie* case. Respondent does not invoke the Article 13(a) exception, which argues that Petitioner was not exercising his custody rights, in the affirmative defenses section of her Answer. However, in Paragraph 43 on Page 8 of her Answer, she asserts that she "makes no admissions as to the custody rights of Petitioner." **ECF No. 14.**

As such, Petitioner must, out of an abundance of caution, prepare to contest any testimony from Respondent suggesting that Petitioner was not exercising his custody rights. It is worth noting that if Respondent concedes to Petitioner's *prima facie* case or to the prong which requires Petitioner to establish that he was exercising custody rights, then Petitioner will not submit any evidence in this regard. Notwithstanding, at this juncture, Petitioner respectfully requests the Court deny Request (ii) of Respondent's motion *in limine.*

Respondent further asserts in her motion *in limine* that "evidence relating to the parties' relocation to Colombia in 2021" should be precluded as it is irrelevant to the issue at hand. **ECF No. 20, at Page 3-4.** Similar to the above, this evidence is both relevant and appropriate, as it supports the Petitioner's *prima facie* case and provides background to the parties' establishing Colombia as the Child's habitual residence. Likewise, if Respondent concedes to Petitioner's *prima facie* case, then Petitioner will not submit any evidence in this regard. Notwithstanding, at this juncture, Petitioner respectfully requests the Court deny Request (iii) of Respondent's motion *in limine.*

Additionally, Respondent seeks to preclude conversations between Petitioner and third parties pursuant to Rule 801 and 802 of the Federal Rules of Evidence. ***See id* at Page 3.** One of the relevant communications is between Petitioner and Jenny Gallego. Jenny is Petitioner's friend, and he was having contemporaneous conversations with her about material facts relating to this case. The communications at issue are relevant to both the issues of habitual residence and Respondent's affirmative defenses. The communications are potentially admissible pursuant to Rule 801(d)(1)(B) as a prior consistent statement.

Further, Petitioner's correspondence with the Colombian Institute of Family Welfare (Instituto Colombiano de Bienestar Familiar (ICBF)) should not be excluded from evidence. The ICBF is the Central Authority for the Hague Abduction Convention in Colombia. The said correspondence that Respondent is seeking to preclude is between the ICBF and the Petitioner as part of his filing process of a Hague application in Colombia and it pertains to issues relating to the Child's habitual residence and Petitioner's lack of consent for the Child to stay in the United States. Article 30 of the Convention on the Civil Aspects of International Child Abduction provides the following:

> Any application submitted to the Central Authorities or directly to the judicial or administrative authorities of a Contracting State in accordance with the terms of this Convention, together with documents and any other information appended thereto or provided by a Central Authority, shall be admissible in the courts or administrative authorities of the Contracting States.[1]

These communications are between Petitioner and a representative of the Colombian Central Authority who was aiding Petitioner with his Hague application filing. Therefore, pursuant to Article 30 of the Convention, the Court ought to permit these communications into evidence despite any hearsay objections from Respondent. *See* e.g. *Wojcik v. Wojcik,* 959 F. Supp. 413, 419 (E.D. Mich. 1997) ("Article 30 states that '[a]ny application submitted to the Central Authorities *or* directly to the judicial or administrative authorities ... shall be admissible in the courts or administrative authorities of the Contracting States.'"); *Dalmasso v. Dalmasso*, 9 P.3d 551, 764 (Kan. 2000) (ruling that "[a] flexible and sensible interpretation of Article 30 should be adopted allowing trial judges to consider any document offered in support of a Hague petition, whether affixed to the petition or not, with any hearsay concerns to be considered by the trial court mainly in deciding the weight and credibility which the documents warrant."); *In re: Walsh*, 31 F. Supp. 2D 200, 202 n. 1 (D. Mass.1998), rev'd on other grounds.

Further, 22 U.S.C. § 9005 mandates the admission of any document or information included in an application to a Central Authority or attached to a petition for return filed under the Hague Convention, or later submitted in support of such petition, without any requirement of authentication.[2]

---

[1] T.I.A.S. No. 11,670, at 1, 22514 U.N.T.S. At 98, reprinted in 51 Fed. Reg. 10493 (1986), art. 30.

[2] 22 U.S.C. § 9005.

Additionally, these communications are potentially admissible pursuant to Rule 807 of the Federal Rules of Evidence. Thus, Petitioner respectfully requests the Court to deny Request (iv) of Respondent's motion *in limine*.

Respondent also seeks to preclude the admission of the New York State Family Court Order of Dismissal, attached to Petitioner's Petition **(ECF No. 1-5)** into evidence, arguing that it constitutes inadmissible hearsay, and that the Court's decision was outside its jurisdiction. **ECF No. 20, at Page 3.** As referenced above, the Hague Convention specifically provides that all documents appended to or supporting a petition under the Convention "shall be admissible in the courts or administrative authorities of the Contracting States."[3] Here, Petitioner appended the New York State Family Court order to his petition filed in this Court. **ECF No. 1-5**[4]**.** Therefore, Petitioner respectfully requests that the Court deny Request (v) of Respondent's motion *in limine*.

Lastly, Respondent seeks to preclude "documents relating to Petitioner's action for divorce in Colombia." ***See id*** **at 4.** The parties' respective legal filings are relevant to the claims raised by Petitioner and affirmative defenses raised by Respondent. Respondent attempts to prevent the Court from receiving material evidence relevant in this case in order to avoid it being determined on its merits. The evidence which Respondent seeks to preclude is all directly relevant to the issues at hand. The Court should permit Petitioner to enter this evidence into the record so that the Court is fully informed when it makes a determination in this case. Petitioner therefore respectfully requests that the Court deny Request (vi) of Respondent's motion *in limine*.

CONCLUSION

---

[3]   *See Id.*

[4]   Respondent incorrectly cites ECF No. 1-7 for the Order of Dismissal in her motion in *limine*. The correct reference for the Order is Attachment 5 (Exhibit E) of the Petitioner's Verified Petition, found at ECF No. 1-5.

For the foregoing reasons, Petitioner respectfully requests that the Court deny Respondent's Motion *in Limine* in its entirety.

Date: January 13, 2025
New York, New York

Respectfully submitted,

/s/ Richard Min
Richard Min, Esq.
Michael Banuchis, Esq.
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: 212-681-6400
Facsimile: 212-681-6999
Email:rmin@gkmrlaw.com;
mbanuchis@gkmrlaw.com

*ATTORNEY FOR PETITIONER*
*SEBASTIAN CORREA MORALES*