UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SEBASTIAN CORREA MORALES,  )<br>   *Petitioner,*  )<br>                                                )<br>             -against-                  )      Civ. No. 24-7951<br>                                                )<br>JULIANA ESCOBAR RESTREPO,  )<br>   *Respondent.*                  ) | |

RESPONDENT'S MEMORANDUM IN OPPOSITION
TO PETITIONER'S MOTION IN LIMINE

Respondent Juliana Escobar Restrepo, by and through her attorneys, submits this Memorandum of Law in opposition to Petitioner's Motion in Limine.

**Preliminary Statement**

Petitioner submitted a Motion in Limine (ECF No. 19) requesting that the Court preclude Respondent's introduction at trial of (i) "any documents, statements, or testimony related to the settlement discussions" relating to the parties' New Jersey divorce proceedings and (ii) any testimony relating to the parties' communications with Jorge Cadena, the parties' erstwhile marriage counselor in Colombia. The motion should be denied in its entirety.

**Argument**

**I.   The Parties' Settlement Discussions In Connection With Petitioner's
         New Jersey Action For Divorce Are Not Excludable Under FRE 408**

1

In the course of discovery, Respondent disclosed that Petitioner had proposed to Respondent a settlement agreement in connection with the divorce proceeding Petitioner had initiated in New Jersey, whereby Respondent would maintain full custody of the child in New York and Petitioner would pay child support to Respondent based on New Jersey child support guidelines. Petitioner argues that FRE 408 bars the admission of any testimony or documents related to that settlement offer. Petitioner is mistaken.

The bar against offers of compromise "is not an absolute one," and evidence of a settlement offer is admissible if it is offered "for a purpose other than to disprove the validity of the claims that the offers were meant to settle." *Trebor Sportswear Co. v. Ltd. Store, Inc.,* 865 F.2d 506 510-11 (2d Cir.). Petitioner's informal divorce settlement offer to Respondent was made via text message and without the participation of counsel on either side. The offer was not an attempt to settle a factual claim raised in the divorce proceeding — because there *were* no disputed factual claims to speak of in that proceeding. Petitioner's Complaint in the divorce action claimed "incompatibility of character" and 18 months of separation — in other words, this was a "no fault" divorce. Respondent made no counterclaims against Petitioner; indeed, she never responded to Petitioner's Complaint in said action, and never retained counsel.

The parties' settlement discussions are critical to the instant proceeding because they contradict Petitioner's allegation that he objected to the parties' child ("the Child") residing in New York with Respondent. In any event, the Child's residence in New York, and Petitioner's consent to his remaining in New York in Respondent's custody, is not a secret confined to settlement discussions between the parties: it appears in Petitioner's pleadings in his sworn Complaint for Divorce, which alleges that Respondent "now resides at 20-34 146th Street,

2

Whitestone New York 11357" (sic) and demands judgment whereby Respondent "will keep the Residential Custody for our minor child" (sic). Exh. A, New Jersey Divorce Complaint.

The public policy rationale of FRE 408 is to foster frank discussion between parties to a dispute, to encourage settlement between those parties and thus avoid unnecessary litigation. See e.g. *Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir. 1976) ("A primary reason for excluding evidence of a compromise is to encourage non-litigious solutions to disputes. Admission of evidence of the settlement could work to discourage plaintiffs from settling with one or more of several codefendants"); and see *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654-655 (4th Cir. 1988), citing, *inter alia*, *United States v. Contra Costa County Water Dist.,* 678 F.2d 90, 92 (9th Cit. 1982) ("By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement"). This rationale does not obtain here. The instant litigation arises from a completely different cause of action than the New Jersey divorce, and there is no discernible overlap in the issues between the two actions. But the fault in Petitioner's argument runs deeper, because when Congress enacted FRE 408, it clearly did not contemplate its use in actions in which liability and damages are not at issue. "Rule 408 by its terms does not operate to exclude evidence unless it is offered to prove liability for or invalidity of the claim *or its amount*." *Reichenbach v. Smith*, 528 F.2d at 1074 (emphasis added), citing Advisory Committee Notes, FRE 408. The Rule exists "to protect a party that settles one claim from having that settlement used against it to establish *liability* (or the extent of liability) of that same party in another lawsuit for the same claim." *BDG Gotham Residential, LLC v. W. Waterproofing Co.,* 631 F.Supp. 3d 76, 82 (S.D.N.Y. 2022). One need look no further than *Trebor* itself, which was at its core a commercial action for breach of contract

3

between two corporate actors, in which the matter in controversy was the dollar amount owed by the defendant.

This Court has "broad discretion" to decide whether to admit the offered evidence for the purposes set forth above. *Trebor Sportswear Co. v. Ltd. Stores, Inc.,* 865 F.2d at 511. Respondent's evidence is of substantial probative value, and excluding it would do nothing to further the policy purposes of Rule 408. Accordingly, the Court should deny Petitioner's request.

## II. The Parties' Communications With Jorge Cadena Are Not Privileged

Respondent disclosed to Petitioner that she intends to call as a witness Jorge Cadena, the parties' sometime marriage counselor in Colombia. Petitioner has requested that the Court exclude any evidence by Mr. Cadena or relating to the parties' communications with Mr. Cadena pursuant to FRE 501 and to *Jaffee v. Redmond*, 518 U.S. 1 (1996) (recognizing the psychotherapist-patient privilege).

As a preliminary matter, Petitioner has the burden to establish that the evidence in question is privileged. *United States v. Stern*, 511 F.2d 1364, 1367 (2d Cir. 1975) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.") In the case of the "psychotherapist privilege," Petitioner must establish that the evidence constitutes (i) confidential communications (ii) between a licensed psychotherapist and her patients (iii) in the course of diagnosis or treatment." *Jaffee v. Redmond*, 518 U.S. at 19. Petitioner has failed to do so. Assuming arguendo that the communications the parties had with Jorge Cadena were confidential, Petitioner has offered no evidence that Mr. Cadena is a licensed psychotherapist or,

4

indeed, any kind of licensed mental-health therapist bound by confidentiality or privilege in the United States.

Accordingly, the Court should deny Petitioner's request to exclude the parties' communications in Colombia with their marriage counselor.

## Conclusion

For the foregoing reasons, the Court should deny Petitioner's Motion In Limine in its entirety.

Dated:     New York, New York
           January 13, 2025                        /s/ Edgar Loy Fankbonner
                                                   Edgar Loy Fankbonner
                                                   Goldberger & Dubin, PC
                                                   401 Broadway, Suite 306
                                                   New York, New York 10013
                                                   Tel.: (212) 431-9380
                                                   Mobile: (917) 796-7406
                                                   Fax: (212) 966-0588
                                                   Email: fankbonner@gmail.com
                                                   *Attorneys for Respondent*