**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of L.C. ) | |
| ) | |
| SEBASTIAN CORREA MORALES ) | Case No. 1:24-cv-07951 |
| ) | |
| Petitioner, ) | INTERIM CONSENT ORDER |
| ) | |
| vs. ) | |
| ) | |
| JULIANA ESCOBAR RESTREPO, ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Verified Petition for Return of the Child to Colombia (the "Petition") filed by the Petitioner, Sebastian Correa Morales (the "Petitioner"), against the Respondent, Juliana Escobar Restrepo (the "Respondent") pursuant to The Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act ("ICARA") [ECF No. 1]. This Interim Consent Order makes no determination on the merits of the Petition, or on either party's respective claims and/or defenses, and is entered without prejudice to either party's position. Upon the consent of both parties, as evidenced by the signatures of their respective counsel below, it is hereby:

1. **ORDERED,** that the Petitioner shall have custodial access to the child, L.C. (the "Child"), from February 28, 2025, to March 2, 2025 (the "Custodial Access Period"); and it is further

2. **ORDERED,** that Petitioner shall pick up the Child at a mutually agreeable location on Friday, February 28, 2025; and it is further

3. **ORDERED,** that Petitioner shall drop off the Child at a mutually agreeable location on Sunday, March 2, 2025; and it is further

4. **ORDERED,** that the Child will remain with the Petitioner for the duration of the Custodial Access Period; and it is further

5. **ORDERED,** that Petitioner is prohibited from removing the Child, or causing the Child to be removed from the Southern and Eastern Districts of New York for the duration of the Custodial Access Period; and it is further

6. **ORDERED,** that the Petitioner shall not apply for a U.S. or Colombian passport for the Child during the Custodial Access Period; and it is further

7. **ORDERED,** that the Petitioner shall provide the Respondent with the addresses of all locations where the Child will be during the Custodial Access Period; and it is further

8. **ORDERED,** that the Petitioner shall take the Child to and from the Child's school on all school days or advise Respondent and obtain her consent beforehand if the Child is to miss school for any reason; and it is further

9. **ORDERED,** that Petitioner shall continue the Child's medical treatment for his illness during the Custodial Access Period; and it is further

10. **ORDERED,** that Respondent shall have daily video calls in the evening with the Child during the Custodial Access Period; and it is further

11. **ORDERED,** that the Respondent shall have a brief, in-person check-in with the Child every other day.

DATED at __:__ this __ day of February, 2025.

BY THE COURT:

_____
Hon. Natasha C. Merle
United States District Judge

**SEEN AND APPROVED AS TO FORM AND CONTENT:**

| | |
|---|---|
| By: /s/ Richard Min | By: /s/ Edgar L. Fankbonner |
| Richard Min | Edgar L. Fankbonner |
| Green Kaminer Min & Rockmore LLP | Goldberger & Dubin, PC |
| 420 Lexington Avenue, Suite 2821 | 401 Broadway, Ste. 306 |
| New York, New York 10170 | New York, New York 10013 |
| Telephone: 212-681-6400 | Telephone: 212-431-9380 |
| Facsimile: 212-681-6999 | Facsimile: 212-966-0588 |
| Email: rmin@gkmrlaw.com | Email: fankbonner@gmail.com |
| | |
| *Attorney for Petitioner* | *Attorney for Respondent* |
| Sebastian Correa Morales | Juliana Escobar Restrepo |