**GOLDBERGER & DUBIN, P.C.**
ATTORNEYS AT LAW
401 BROADWAY, STE 306, NEW YORK, NY 10013
(212) 431-9380
www.goldbergerdubin.com

PAUL A. GOLDBERGER*
LAWRENCE A. DUBIN*§　　　　　　　　　　　　　　　　　　　　　　　* MEMBER OF NY BAR
EDGAR L. FANKBONNER*　　　　　　　　　　　　　　　　　　　　　　§ MEMBER OF NJ BAR

April 4, 2025

Hon. Natasha C. Merle
U.S. District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　　　　　　　　　　Re:　*Correa v. Escobar Restrepo*
　　　　　　　　　　　　　　　　　Civ. No. 24-7951 (EDNY)

Dear Judge Merle:

　　　My firm represents Juliana Escobar Restrepo ("Ms. Escobar"), the respondent in the above-referenced Hague Convention matter. As the Court is aware, a bench trial was conducted in late February, and the Court subsequently entered its Findings of Fact and Conclusions of Law, granting the Petition and ordering the subject child's return to Colombia.

　　　Ms. Escobar intends to appeal the Court's decision and is seeking counsel to represent her before the U.S. Court of Appeals for the Second Circuit. (My understanding is that we will not be representing her.) Ms. Escobar respectfully requests that the Court stay proceedings to allow Ms. Escobar Restrepo to exercise her right to appellate review. We have conferred with counsel for Petitioner, who opposes a stay.

　　　To determine a stay application, the Court should consider four factors: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Chafin v. Chafin*, 568 U.S. 165, 179 (2013) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "To satisfy the 'success on the merits' factor, the moving party must show that his chance of success on the merits is more than a 'mere possibility.'" *DiMartile v. Hochul*, 80 F.4th 443, 456 (2d Cir. 2023). "In every case under the Hague Convention, the well-being of a child is at stake; application of the traditional stay factors ensures that each case will receive the individualized treatment necessary for appropriate consideration of the child's best interests." *Chafin v. Chiafin*, 568 U.S. at 179.

1

The specific contours of Ms. Escobar's appeal are to be determined by her appellate counsel. We can only offer our view of some of the issues Ms. Escobar will likely raise on appeal. We anticipate that the appeal will turn in part on the Court's findings with respect to the credibility of Petitioner's testimony and the testimony of his witness, parenting counselor Elizabeth Gomez.

Petitioner admitted on cross-examination that he signed and filed with this Court a sworn verification of the factual allegations contained in his Complaint, knowing that some of those pleadings were false. Petitioner further admitted that he caused pleadings to be filed in his name in New Jersey Superior Court for Hudson County which falsely claimed that he is a resident of New Jersey and that Ms. Escobar was then resident in New York. The Court found that Petitioner was not credible when he testified under oath that Ms. Escobar Restrepo's January 2024 trip to the United States was "exploratory" and not meant to be permanent. The Court nonetheless credited Petitioner's self-serving claim that his consent to the child's relocation to the United States was conditional, that he communicated those conditions to Ms. Escobar, and that Ms. Escobar violated those conditions. The Court did not consider it significant that Petitioner made no mention of those supposed conditions in his original pleadings, which instead alleged that "[i]n January 2024, Ms. Escobar decided she wanted to temporarily move to Florida with the [c]hild and expressed her desire to [Petitioner]." ECF 1 at *3. A discrepancy such as this could perhaps be dismissed as inconsequential, as a matter of attorney strategy, were it not for the fact that Petitioner personally verified and swore to the truth of the allegations contained in the Complaint. ECF 1 at *12.

The Court also found "the majority" of Ms. Gomez's corroborating testimony to be credible, and was silent with respect to evidence in the record that compromised her credibility. It was evident that Ms. Gomez was reciting from memory (or reading from an off-camera document) specific dates and facts that were favorable to Petitioner's cause, but claimed on cross-examination that she could not remember any facts or dates that were potentially favorable to Ms. Escobar. She repeatedly made unsolicited remarks as to her concerns for the child's well-being, repeated statements that Ms. Escobar Restrepo made to her confidentially in the course of the parties' therapy sessions with her, and admitted on cross-examination that Petitioner gave her money to testify on his behalf.

Finding these witnesses to be credible, the Court concluded that Mr. Correa had set two conditions for the child's removal to the United States: (1) the child was to live in Florida, not New York; and (2) the child was to travel to Colombia in May. We anticipate that Ms. Escobar's appeal will argue that this finding is unsupported by credible evidence in the record.

      Based on these findings, the Court concluded that the parties did not have a shared and settled intent to change the child's habitual residence to Florida or New York. The Court further found that the child had insufficient time to acclimatize to the United States between January and May of 2024. Therefore, the Court concluded, the child's place of habitual residence at the relevant times was Colombia, and therefore her retention of the child in May 2024 was unlawful.

      In support of its decision with respect to acclimatization, the Court relied in part on *Papakosmas v. Papakosmas*, 483 F.3d 617 (9th Cir. 2007) and *Sundberg v. Bailey*, 293 F. Supp. 3d 548 (W.D.N.C. 2017), aff'd, 765 F. App'x 910 (4th Cir. 2019), neither of which is controlling in this jurisdiction. In particular, the Court relied on *Sundberg* in support of its conclusion that a four-year-old child is "not of an age where [he is] strongly attached to any particular school or social environment." There is no evidence in the record of the instant proceedings to support this conclusion; there is certainly no expert testimony on what is ultimately a question of child development and psychology and therefore properly the purview of an expert in those fields.

      Ms. Escobar has more than a "mere possibility" of success litigating these issues on appeal. The other three factors also weigh in favor of a stay. Absent a stay, Ms. Escobar and the child will be harmed in that the child, a U.S. citizen by birth, will be removed to Colombia and Petitioner may refuse to authorize the child's return to the U.S., irrespective of Ms. Escobar's success on appeal. On the other hand, Petitioner will not be substantially harmed if the Court grants a stay because Petitioner, a United States citizen, can and does exercise his custodial rights fully in the United States. The public interest is served if Ms. Escobar is allowed to exercise her appellate rights and if this matter is duly adjudicated by an appellate court. This matter was plainly not a classic abduction case, as Petitioner's counsel alleged in his summation: Petitioner acknowledges, at a minimum, that he consented to the child traveling to the United States with Ms. Escobar, and that he visited the child multiple times in the U.S. prior to commencing this action. Nor does the evidence unambiguously prove that the parties entered into a formal agreement as to the child's place of residence in the United States. There is no reason to believe that the child or the parties will suffer harm if the child remains in the U.S. while Ms. Escobar seeks appellate review.

      For the foregoing reasons, we respectfully request that the Court enter a stay to allow Ms. Escobar to retain appellate counsel and pursue relief in the Second Circuit.

      Respectfully submitted,

      /s/ Edgar Loy Fankbonner
      Edgar Loy Fankbonner

## CERTIFICATE OF SERVICE

      I certify that I caused a true and correct copy of the foregoing submission to be served upon the following parties by uploading a true and correct copy thereof to the Court's ECF portal:

Camilla Redmond, Esq., Richard Min, Esq., and Michael Banuchis, Esq.
Costal Green Kaminer Min & Rockmore LLP
420 Lexington Ave. Ste. 2821
New York, NY 10170

Dated: New York, New York
       April 4, 2025

/s/ Edgar Loy Fankbonner
Edgar Loy Fankbonner
Goldberger & Dubin, PC
401 Broadway, Suite 306
New York, New York 10013
Tel.: (917) 796-7406
fankbonner@gmail.com
*Attorneys for Respondent*